[Cite as *In re Z.N.*, 2011-Ohio-3221.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | John W. Wise, J. |
| Z.N. | : | Julie A. Edwards, J. |
|  | : |  |
|  | : | Case No. 11-CA-0015 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Licking County Court of Common Pleas, Juvenile Division, Case No. F2009-0814 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 23, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

KENNETH W. OSWALT
Licking County Prosecutor

BY: JAMES D. MILLER
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

Guardian ad Litem

RUTHELLEN WEAVER, ESQ.
542 South Drexel Avenue
Bexley, Ohio 43209

For Defendant-Appellant

ROBERT C. BANNERMAN, ESQ.
P.O. Box 77466
Columbus, Ohio 43207-0098

For Marcena Burnside

ROBIN LYN GREEN, ESQ.
33 West Main Street, Ste. 103
Newark, Ohio 43055

*Edwards, J.*

{¶1} Appellant, Zakery Neldon, appeals a judgment of the Licking County Common Pleas Court, Juvenile Division, awarding permanent custody of his daughter Z.N. to appellee Licking County Department of Job and Family Services (LCDJFS).

## STATEMENT OF FACTS AND CASE

{¶2} Z.N. was born on November 25, 2009. On the same date, Z.N. was placed into the emergency shelter care of appellee and has resided in the same foster home from the time she was released from the hospital. On February 8, 2010, Z.N. was found to be dependent and placed in the temporary custody of the agency. Appellee moved for permanent custody of Z.N. on October 18, 2010. The case proceeded to trial on December 20, 2010 before a magistrate in the Licking County Common Pleas Court.

{¶3} Marcena Burnside is the mother of Z.N. She has been minimally employed and virtually homeless, losing multiple jobs because of poor job performance. At the time of the permanent custody hearing, she was living with her sister. She struggled to meet Z.N.'s basic needs during visitation and had previously lost custody of her two older children.

{¶4} Appellant was incarcerated at the time of the hearing for assaulting a police officer. Although he did not have medical documentation, he claimed to have been diagnosed in the past as bipolar and schizophrenic. Following his conviction, he was expelled from a community-based correction facility and an in-patient treatment facility and thereafter ordered to serve his sentence in prison. He became incarcerated in September, 2010, and was due to be released in March, 2011. He testified that after

his release he had a job and an apartment waiting for him and was prepared to take care of Z.N.

{¶5} The magistrate found that Z.N. should not be placed with appellant or her mother within a reasonable time, Z.N.'s need for a permanently secure placement could not be achieved without granting permanent custody to the agency and the parents failed continuously and repeatedly to remedy the conditions which existed at the time of Z.N.'s removal. The court found permanent custody to be in the best interest of Z.N. and awarded permanent custody to the appellee. Appellant failed to file objections to the magistrate's report.

{¶6} Appellant assigns two errors on appeal:

{¶7} "I. APPELLANT RECEIVE [SIC] INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

{¶8} "II. THE MAGISTRATE'S DETERMINATION TO GRANT PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR PLAIN ERROR."

I

{¶9} In his first assignment of error, appellant argues counsel was ineffective for failing to file objections to the magistrate's decision, thereby hampering his ability to appeal.

{¶10} A properly licensed attorney is presumed competent. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 524 N.E.2d 476. Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the

result of the proceedings would have been different.   *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136.   In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.   Id.

{¶11}  Juv. R. 40(D)(3)(b)(iv) provides:

{¶12}  "*(iv) Waiver of right to assign adoption by court as error on appeal.*  Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."

{¶13} Appellant has not demonstrated that had he filed objections to the magistrate's report, the result of the proceeding would have been different.  The evidence demonstrated that appellant had only seen Z.N. five times during her lifetime. He has been diagnosed with bipolar disorder and schizophrenia and prior to his incarceration did not take medication for his problems because he did not have insurance.  He had a history of marijuana and drug use, and at one point told the caseworker he had a "God-given right" to smoke marijuana.  He was incarcerated at the time of trial for assault on a police officer.  He had been expelled from a community-based corrections facility due to conflicts with staff members, and was expelled from an in-patient substance abuse treatment facility when he walked away, causing his probation to be revoked and his prison sentence to be imposed.

{¶14} There was evidence that although appellant was never convicted of domestic violence, appellant and Z.N.'s mother had a history of violence between them. He threatened to kill the caseworker assigned to Z.N.'s case and threatened to have her fired, both face-to-face and by telephone. He left threatening messages on the caseworker's voice mail. While everyone involved in the case agreed that appellant loved Z.N., the evidence was overwhelming that despite his testimony to the contrary, he was unable to care for her.

{¶15} The evidence further demonstrated that Z.N. had been in the same foster home from birth and the foster parents wanted to adopt her.

{¶16} Appellant has not demonstrated that had counsel filed objections to the magistrate's report, the court would have denied the agency's permanent custody motion. The first assignment of error is overruled.

II

{¶17} In his second assignment of error, appellant argues that the decision of the court finding permanent custody to be in Z.N.'s best interest is against the manifest weight of the evidence. As discussed in assignment of error one, counsel failed to file objections to the findings of the magistrate. We accordingly must find plain error in order to reverse. To demonstrate plain error, appellant must show that but for the error, the result of the proceeding would clearly have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, ¶ 2 of the syllabus. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Id. at paragraph 3 of the syllabus.

{¶18} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118; *In re: Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613.

{¶19} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60; See also, *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶20} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273:

**{¶21}** "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

**{¶22}** Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 419, 674 N.E.2d 1159; see, also, *In re: Christian,* Athens App. No. 04CA10, 2004-Ohio-3146; *In re: C. W.,* Montgomery App. No. 20140, 2004-Ohio-2040.

**{¶23}** In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

**{¶24}** The evidence established that appellant had only visited Z.N. five times. She had resided in the same foster home since her birth and her foster family wanted to adopt her. Appellant was incarcerated at the time of the December 2010, hearing and was not due to be released until March, 2011. The caseworker assigned to Z.N.'s case testified that permanent custody was in Z.N.'s best interest. She testified that appellant

loves Z.N. but was not in a position to parent due to his explosive anger issues, his drug addiction and his incarceration. She testified that while appellant did take parenting classes while incarcerated and would show progress at times, he continues to show lapses in judgment and take steps backwards, as evidenced by a relapse with drug and alcohol abuse while in treatment. Appellant has not demonstrated plain error in the findings of the court concerning the best interest of the child.

{¶25} The second assignment of error is overruled.

{¶26} The judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0603

[Cite as *In re Z.N.*, 2011-Ohio-3221.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                          :
                                           :
    Z.N.                 :
                                           :
                                           :
                                           :       JUDGMENT ENTRY
                                           :
                                           :
                                           :
                                           :       CASE NO. 11-CA-00115


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.


_____

_____

_____

JUDGES