[Cite as *In re A.B.C.*, 2011-Ohio-6570.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

A.B.C.


MINOR CHILD(REN)

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2011 CA 00073

O P I N I O N


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2010 JCV 00011


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: December 19, 2011


APPEARANCES:

For Appellee

LISA A. LOUY
SCDJFS
221 Third Street SE
Canton, Ohio 44702

For Appellants

WILLIAM T. WHITAKER
ANDREA L. WHITAKER
54 East Mill Street, Suite 301
Akron, Ohio 44308

*Wise, J.*

{¶1}   Appellants Kayla Pitts and Parker Crissey (parents) appeal the decision of the Stark County Court of Common Pleas, Juvenile Division, which adjudicated their minor son as a dependent child pursuant to R.C. 2151.04(C). Appellee is the Stark County Department of Job and Family Services ("SCDJFS").The relevant facts leading to this appeal are as follows.

{¶2}   Appellants are the parents of the child at issue in this matter, A.B.C, who was born in July 2009.

{¶3}   On January 7, 2010, SCDJFS filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging A.B.C. to be a dependent, neglected, and/or abused child. SCDJFS filed the complaint based on concerns about a leg (tibia) fracture the child had suffered, which Dr. Richard Steiner of Akron Children's Hospital had found to be consistent with physical abuse. Appellants agreed to voluntarily place the child with his maternal great grandmother, Margie Pitts. The trial court ordered A.B.C. to be placed in the temporary custody of the maternal great grandmother, with protective supervision granted to SCDJFS.

{¶4}   The matter proceeded to an adjudicatory hearing on March 18, 2010. At the adjudication, the State offered the testimony of Dr. Steiner and the SCDJFS caseworker, Karen Cirone. Appellants presented testimony from themselves, Dr. Meena Rawal (A.B.C.'s pediatrician), Kayla's mother and grandmother, and Parker's sister. After hearing the testimony, the trial court found A.B.C. to be a dependent child. The trial court memorialized its dependency finding and disposition via a judgment entry filed March 19, 2010.

{¶5} Appellants Pitts and Crissey appealed therefrom. On January 31, 2011, this Court entered a decision finding that the trial court's judgment entry had failed to comply with R.C. 2151.28(L) and remanding the case for the court to make findings of fact and conclusions of law in accordance with said statute.

{¶6} On March 8, 2011, the trial court entered another judgment entry in response to our directive of January 31, 2011. The trial court therein again found A.B.C. to be dependent and set forth findings of fact and conclusions of law not included in the earlier judgment entry.

{¶7} On April 7, 2011, appellants filed a notice of appeal. They herein raise the following four Assignments of Error:

{¶8} "I. THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE TO SUPPORT THE FINDING OF DEPENDENCY.

{¶9} "II. THE COMPLAINT WAS INSUFFICIENT TO STATE A CLAIM FOR DEPENDENCY.

{¶10} "III. THE JUVENILE COURT APPLIED A LOWER AND IMPROPER STANDARD WHEN MAKING ITS FINDING OF DEPENDENCY.

{¶11} "IV. THE JUVENILE COURT ERRED IN QUALIFYING DR. STEINER AS A HEMATOLOGY, ORTHOPEDICS AND RADIOLOGY EXPERT."

I.

{¶12} In their First Assignment of Error, appellants contend the trial court erroneously adjudicated A.B.C. a dependent child under R.C. 2151.04(C). We disagree.

{¶13} Pursuant to R.C. 2151.35(A), a trial court must find that a child is an abused, neglected, or dependent child by clear and convincing evidence. *In re Kasper*

*Children* (June 30, 2000), Stark App.No. 1999CA00216. As a general rule, the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See *State v. DeHass* (1967), 10 Ohio St .2d 230, 227 N.E.2d 212. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 281, 376 N.E.2d 578.

{¶14} Included in the Ohio statutory definition of a "dependent child" under R.C. 2151.04 is any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." R.C. 2151.04(C).

{¶15} A finding of dependency under R.C. 2151.04 must be grounded on whether the children are receiving proper care and support; the focus is on the condition of the children. See *In re Bibb* (1980), 70 Ohio App.2d 117, 120, 435 N.E.2d 96. "The determination that a child is dependent requires no showing of fault on the parent's part." *In re Bolser* (Jan. 31, 2000), Butler App.Nos. CA99–02–038, CA99–03–048, 2000 WL 146026. However, a court may consider a parent's conduct insofar as it forms part of the child's environment. *In re Alexander C.,* 164 Ohio App.3d 540, 843 N.E.2d 211, 2005–Ohio–6134, ¶ 51, citing *In re Burrell* (1979), 58 Ohio St.2d 37, 39, 388 N.E.2d 738.

**{¶16}** At the time of the adjudication, Appellant Kayla was twenty years old and Appellant Parker was twenty-four. While they were engaged, Kayla became pregnant; the couple decided to postpone the wedding. Id. Appellants took parenting classes to better prepare for the arrival of the child. Appellant Parker, an Army veteran, is currently enrolled at a program at Stark State University in the area of homeland security; Appellant Kayla is accepted but not yet taking classes at the same institution for early childhood development.

### *Cirone Testimony*

**{¶17}** Karen Cirone, an SCDJFS caseworker, testified that on December 4, 2009, the agency received a call from Akron Children's Hospital concerning A.B.C. SCDJFS was informed A.B.C. had been brought to the hospital for blood work, but after Appellant Kayla advised hospital personnel A.B.C. was not able to put pressure on his left leg, an x-ray was taken and the fracture was discovered. Cirone subsequently sat in when a Massillon police detective interviewed Kayla. During that interview, Kayla said she had been changing A.B.C.'s diaper one day shortly before Thanksgiving 2009 and heard a "pop" when she lifted his legs by his ankles. Kayla also said that she quickly called A.B.C.'s pediatrician, Dr. Meena A. Rawal, who saw the child on November 30, 2009. Cirone testified that Dr. Rawal ordered blood tests at Aultman Hospital because of the child's propensity to easily bruise. After the leg fracture was discovered, Dr. Richard Steiner at Akron Children's Hospital was consulted. He concluded that the fracture could only be caused by physical abuse. SCDJFS thereafter filed its complaint in the Stark County Court of Common Pleas, Juvenile Division.

*Dr. Steiner Testimony*

**{¶18}** Since 1991, Dr. Richard Steiner has been the medical director of the Akron Children's Hospital Care Center, which evaluates more than 1,000 cases of child abuse each year. Dr. Steiner testified that A.B.C. was admitted to the hospital's hematology department due to concerns over "bruising or easy bleeding, not proper blood coagulation." Tr. at 17. Dr. Steiner noted bruising was observed on A.B.C.'s face, abdomen, and genitals. This amount of bruising on a four-month old child was concerning. Dr. Patton, the hematologist, consulted Dr. Steiner after x-rays revealed the fracture in A.B.C.'s lower left leg. Based upon this information, further x-rays and ultrasounds were ordered to determine whether A.B.C. had deeper bruising or bleeding.

**{¶19}** Dr. Steiner testified that Kayla's actions were not a viable explanation for A.B.C.'s fractured leg. He explained the fracture would have been caused by a violent "snatch and grab" motion, with "a violent jerking of the ankle." Tr. at 20. The doctor found nothing in the child's past medical history which would explain the fracture or the bruising. The x-rays and a CT scan revealed no other fractures and the results from blood tests showed no sign of a bleeding disorder. Dr. Steiner opined that there were no diseases which would explain A.B.C.'s fracture.  Tr. At 23.

**{¶20}** Dr. Steiner came to a conclusion that A.B.C. had been abused, based in large part on the lack of explanation for the fracture from the claimed diaper changing incident. Dr. Steiner also indicated that his finding of abuse was partially predicated on the unexplained bruises.  See Tr. at 23-24.

**{¶21}** On cross-examination, Dr. Steiner testified that no other fractures were identified by the skeletal survey, and A.B.C.'s bone architecture and anatomy were

normal. Dr. Steiner acknowledged a baby could have a fractured ankle due to an accident, and he conceded medical professionals often do not immediately notice fractures.

### Dr. Rawal Testimony

**{¶22}** Dr. Meena Rawal, A.B.C.'s pediatrician, testified on behalf of appellants. Dr. Rawal classified appellants as "very concerned" and "on the ball" parents and noted they had appropriately contacted her as the child's needs warranted. Tr. at 48. She indicated that appellants have kept the child up to date with his immunizations. Dr. Rawal detailed A.B.C.'s medical history, including a diagnosis of allergic colitis. She also noted that A.B.C. was given iron supplements after it was concluded he was anemic.

**{¶23}** Dr. Rawal recalled she received a call from Kayla, who had concerns about A.B.C. when she heard a "pop" while changing the baby's diaper. Because Kayla did not report any swelling, and because A.B.C. was scheduled the following week for a well-baby visit, Dr. Rawal did not have to see the child at that time. Kayla brought the child to an examination by Dr. Rawal on November 30, 2009. Dr. Rawal found nothing concerning about A.B.C.'s leg. Dr. Rawal manipulated the leg, hip, and ankle and found no irregularities or outside indications of a problem. However, during this visit, the doctor observed two bruises on A.B.C.'s left cheek. Appellants expressed concern as to the cause of the child's easy bruising. Dr. Rawal ordered blood tests, which were done at Aultman Hospital. The results of the test indicated abnormalities with respect to A.B.C.'s platelet count, coagulation, and fibrinogen and hemoglobin counts. Dr. Rawal recommended further testing with Dr. Patton at Akron Children's Hospital.

**{¶24}** On cross-examination, Dr. Rawal indicated she was "surprised" by the injury and the characterization of it as abuse in light of her interaction with appellants. Tr. at 56. However, medically, she could not rule out the possibility A.B.C.'s leg fracture was the result of an abusive injury. Id.

### Appellant Kayla's Testimony

**{¶25}** Appellant Kayla testified on her own behalf. She also stated that Dr. Rawal had prescribed iron drops for A.B.C. as the child was slightly anemic and such could be the potential cause of his bruising. Kayla described the diaper changing incident and her subsequent conversation with Dr. Rawal. Kayla testified the results of the blood tests at Akron Children's Hospital ruled out leukemia and other similar conditions. The hematologist wanted additional blood tests to rule out von Willebrand's disease. After doing some of her own research, Kayla reported the diaper changing incident to the hematologist, Dr. Patton, who ordered the x-rays. Appellants were subsequently advised A.B.C. had a leg fracture.

**{¶26}** On cross-examination, Kayla explained she did not take A.B.C. to the emergency room after the diaper changing incident as the child was not fussing and his leg was neither bruised nor swollen. Kayla conceded she had no explanation for A.B.C.'s fractured leg. She would not characterize the diaper change at issue as violent.

### Analysis

**{¶27}** Upon review, we most certainly concur with the trial court's observation that this is an unusual case. However, we remain mindful that our task on appeal is to determine whether there is relevant, competent and credible evidence upon which the trial court could base its judgment. *Cross Truck*, supra. Furthermore, in issues of

dependency determination, "the law does not require the court to experiment with the child's welfare to see if * * * [the child] will suffer great detriment or harm." *In re Burchfield* (1988), 51 Ohio App.3d 148, 156, 555 N.E.2d 325. In light of the expert testimony presented by SCDJFS at trial, and despite the countervailing testimony presented by appellants, we are not inclined to disturb the evidentiary determinations of the trial court as the fact finder in this instance, and we hold the evidence presented supports the conclusion that A.B.C. is a dependent child under R.C. 2151.04(C), as the nature of the physical injury and bruising to the child warrants, at least for now, state intervention in his best interest.

{¶28} Appellants' First Assignment of Error is therefore overruled.

II.

{¶29} In their Second Assignment of Error, appellants contend the SCDJFS complaint erroneously failed to state a claim for dependency. We disagree.

{¶30} As an initial matter, our review of the record does not reveal that appellants raised this challenge to the complaint via motion, nor was it raised orally at the adjudicatory hearing of March 18, 2010. Generally, an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., *State v. Childs* (1968), 14 Ohio St.2d 56, 236 N.E.2d 545, paragraph three of the syllabus.

{¶31} Nonetheless, we note Juv. R. 10(B)(1) states that the complaint shall "state in ordinary and concise language the essential facts that bring the proceeding

within the jurisdiction of the court ***." See, also, R.C. 2151.27; *In Re Hunt* (1976), 46 Ohio St. 2d 378.

{¶32} In the case sub judice, we find the complaint filed by SCDJFS duly stated the facts, concerns, and allegations leading to the filing. The complaint further explained the initial reasons for agency involvement, the child's injuries, the medical findings concerning those injuries and the parental explanation for the injuries. The complaint also clearly stated, inter alia, the essential language of R.C. 2151.04(C).

{¶33} We thus find no merit in appellants' argument in this regard. Appellants' Second Assignment of Error is overruled.

III.

{¶34} In their Third Assignment of Error, appellants contend the trial court applied an improper legal standard or burden of proof in adjudicating A.B.C. as dependent. We disagree.

{¶35} A trial court must find that a child is an abused, neglected, or dependent child by clear and convincing evidence. See R.C. 2151.35(A), supra. Clear and convincing evidence is defined as the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases. *In re: Z.N.,* Licking App.No. 11–CA–0015, 2011-Ohio-3221, ¶ 18, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118; *In re: Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613. Furthermore, in a bench trial, a trial court judge is presumed to know the applicable law and apply it accordingly. *Walczak v. Walczak,* Stark App.No.

2003CA00298, 2004-Ohio-3370, ¶ 22, citing *State v. Eley* (1996), 77 Ohio St.3d 174, 180-181, 672 N.E.2d 640.

{¶36} In the case sub judice, the judgment entry of March 19, 2010 utilized the specific term of "clear and convincing evidence." Following remand in the first appeal, the trial court did not reiterate the term, but in its expanded conclusions of law, the court recited the language of R.C. 2151.04(C) and stated, inter alia, as follows:

{¶37} "The fact that there was no direct explanation for [A.B.C.'s] fractured leg is sufficient to find him dependent under the totality of the circumstances because he is a child whose condition or environment is such as to warrant the state, in his best interest, in assuming his guardianship. He did not break his own leg. Someone else broke it either intentionally or accidentally. The injury is inconsistent with the only explanation given for it. *** At the conclusion of the case, the parents were visibly upset and the Court spoke to them directly, acknowledging that they were disappointed and that it was a strange set of circumstances. The Court went on to say that it did not know what happened. In retrospect, that was an incorrect statement. The Court did know what happened. Someone broke [A.B.C.'s] leg. What the Court did not know was who did it and how or why. That lack of knowledge does not change the fact that [A.B.C.'s] condition or environment warranted the state assuming his guardianship. *The Court did, and still does, have a firmly held belief that [A.B.C.] is a dependent child.* If it did not, it would not have found him to be so."

{¶38} Judgment Entry at 4-5 (emphasis added).

**{¶39}** Upon review, we find no merit in appellants' claim that the trial court failed to apply the proper legal standard or burden of proof in this matter. Appellants' Third Assignment of Error is overruled.

IV.

**{¶40}** In their Fourth Assignment of Error, appellants contend the trial court erred in its qualification of Dr. Steiner as an expert witness. We disagree.

**{¶41}** On appeal, a trial court's ruling with respect to a witness's qualification as an expert will not be reversed unless there is a clear showing that the court abused its discretion. *Welch v. MB Operating Co.*, Tuscarawas App.No. 94AP020007, 1994 WL 590410, citing *Vinci v. Ceraolo* (1992), 79 Ohio App.3d 640, 646.

**{¶42}** Although suggesting in the text of this assigned error that the trial court actually qualified Dr. Steiner as an expert in hematology, orthopedics, and radiology, appellants concede in their brief that the trial court qualified him as an expert in pediatric and child abuse pediatric medicine alone. See Appellants' Brief at 22. Evid.R. 703 states: "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing." In *State v. Solomon* (1991), 59 Ohio St.3d 124, 126, 570 N.E.2d 1118, the Ohio Supreme Court stated that "where an expert bases his opinion, in whole or in major part, on facts or data perceived by him, the requirement of Evid.R. 703 has been satisfied."

**{¶43}** In the case sub judice, Dr. Steiner's testimony did not indicate that he personally conducted or interpreted any hematological, orthopedic or radiologic testing. While he did interpret bloodwork results on the record, this testimony was allowed after

Dr. Steiner had testified that he had specialized training in interpreting lab reports as part of his experience as a pediatric physician. See Tr. at 21.

**{¶44}** We find no abuse of discretion in the trial court's allowance of Dr. Steiner's medical testimony and opinions under the circumstances of this case. Appellants' Fourth Assignment of Error is overruled.

**{¶45}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, J., concurs.

Hoffman, P. J., dissents.

_____

_____

_____

                                        JUDGES

JWW/d 1113

*Hoffman, P.J., dissenting*

(¶46)  I respectfully dissent for the reasons set forth in my previous dissent in In Re: A.B.C., 2011-Ohio-531.

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                        :
                                         :
                                         :
      A.B.C.                             :        JUDGMENT ENTRY
                                         :
                                         :
      MINOR CHILD(REN)                   :        Case No. 2011 CA 00073


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.

Costs assessed to appellants.


_____


_____


_____

                              JUDGES